UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ALISON SHEEHAN,<br><br>    Plaintiff,<br><br>v.<br><br>SUNTRUST BANKS INC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC<br><br>    Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>    1. **Violation of Fair Credit Reporting Act** |

Plaintiff, Alison Sheehan, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA) whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Hillsborough, New Hampshire.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, SunTrust Banks Inc. ("SunTrust") is and at all times relevant hereto was, a lending institution regularly doing business in the State of New Hampshire.

6. At all times pertinent hereto, Defendant SunTrust was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term

is described in 15 U.S.C. §1681s-2 *et seq.*

7. Defendant, SunTrust, was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant, SunTrust, is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in New Hampshire.

10. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of New Hampshire.

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

14. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in New Hampshire.

15. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of New Hampshire.

16. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

17. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

18. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

19. Defendant, TransUnion LLC ("TransUnion") is a credit reporting agency, licensed to do business in New Hampshire.

20. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of New Hampshire.

21. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

22. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

23. TransUnion, LLC is a consumer reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in New Hampshire as a foreign corporation.

24. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f) and Cal. Civ. Code § 1788.2(g).

### III.                                    JURISDICTION AND VENUE

25. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

26. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Hillsborough County, New Hampshire and Defendants do business in New Hampshire.

27. Personal jurisdiction exists over Defendants as Plaintiff resides in New Hampshire, Defendants have the necessary minimum contacts with the state of New Hampshire, and this suit arises out of specific conduct with Plaintiff in New Hampshire.

### IV.                                    FACTUAL ALLEGATIONS

28. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant SunTrust, Equifax, Experian, and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

29. Equifax, Experian, and Transunion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

30. The CRAs' primary business is the sale of consumer reports (commonly referred

to as "credit reports") to third parties and consumers.

31. Equifax, Experian, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

32. On and around October 24, 2018, Plaintiff entered into a settlement agreement with SunTrust's agent Niederman, Stanzel & Lindsey PLLC, for full and final settlement of docket# 216-2018-CV-00718, (the "Account").

33. The Account was settled in full.

34. The Plaintiff discovered Defendant SunTrust erroneously reporting a balance inclusive of late fees and penalties and a charge-off status for the Account on her Equifax, Experian, and TransUnion consumer reports.

35. In spite of receiving the benefit of its bargain, Defendant SunTrust continued, erroneously, to report a balance due and owing inclusive of late fees and penalties, and a charge-off status, on the Account to Equifax, Experian and TransUnion, all of which are CRAs and all of which reported a balance owed on the Account on Plaintiff's consumer reports.

36. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

37. On or about July 21, 2021, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

38. On or about July 21, 2021, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

39. On or about July 21, 2021, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account

reporting on Plaintiff's TransUnion consumer report.

40. Upon information and belief, Equifax, Experian and TransUnion forwarded Plaintiff's three "Dispute Letters" to Defendant SunTrust.

41. Upon information and belief, SunTrust received notification of Plaintiff's Dispute Letters from Equifax, Experian, and TransUnion.

42. Upon information and belief, SunTrust verified the erroneous information associated with the Account to Equifax, Experian, and TransUnion.

43. SunTrust did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

44. Equifax did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

45. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

46. TransUnion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

47. Upon information and belief, SunTrust failed to instruct Equifax, Experian and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

48. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

49. At no point after receiving the Dispute Letters did SunTrust, Equifax, Experian and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

50. Equifax, Experian, and TransUnion relied on their own judgment and the information provided to them by SunTrust, rather than grant credence to the information provided by Plaintiff.

### COUNT I – EQUIFAX

#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

51. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

52. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

53. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

54. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Defendant Equifax 's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EQUIFAX

#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

58. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth

herein.

59. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

60. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

61. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. Defendant Equifax 's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

COUNT III – EXPERIAN

FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

65. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

66. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

67. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

68. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

69. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

70. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

71. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

72. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

73. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

74. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

75. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76. Defendant Experian's conduct, action, and inaction were willful, rendering

Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

77.     In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

78.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

79.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

80.     After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

81.     Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

82.     As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

83.     Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

84.     In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

85.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VI – TRANSUNION

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)**

86. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

87. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

88. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

89. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

90. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

91. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

92. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VII – SUNTRUST**

**Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)**

93. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

94. After receiving the Dispute Letters, SunTrust failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

95. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant SunTrust's representations; by failing to

review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant SunTrust's representations to consumer credit reporting agencies, among other unlawful conduct.

96. As a result of this conduct, action, and inaction of Defendant SunTrust, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

97. Defendant SunTrust's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

98. In the alternative, Defendant SunTrust was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

99. Plaintiff is entitled to recover costs and attorneys' fees from Defendant SunTrust pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the

circumstances.

Respectfully submitted on February 23, 2022

*/s/ Dennis C. Hogan*
Dennis C. Hogan, Esq
Law Office of Dennis C. Hogan, PLLC
491 Amherst St. Ste. 221
Nashua, NH 03063
dchogan@yahoo.com
603-886-8700
*Counsel for Plaintiff*
